```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

FRANK KRATOFIL,

        Plaintiff,

v.                              Case No:  2:24-cv-1163-JES-NPM

AMERICAN STRATEGIC
INSURANCE CORP.,

        Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on the Rule 12(b)(1) Motion to Dismiss (Doc. #17) filed by Defendant American Strategic Insurance Corp. ("ASI"). Plaintiff Frank Kratofil ("Kratofil") filed a Response in Opposition (Doc. #19.)  With leave of Court, Defendant filed a Reply in Support (Doc. #22.)

ASI moves to dismiss the Complaint, asserting that there is no case or controversy and that the instant action is not ripe for adjudication because ASI has not issued a written denial of all or part of Kratofil's flood insurance claim, which has been pending for over two years.  Thus, ASI contends, this Court lacks subject-matter jurisdiction.  (Doc. #17, pp. 4-5.)  For the reasons set forth below, the motion is **DENIED**.

**I.**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action if a court lacks subject-matter

jurisdiction. ASI makes a "factual attack" on jurisdiction, challenging "the existence of subject-matter jurisdiction irrespective of the pleadings," which allows the Court to consider "extrinsic evidence." Kennedy v. Floridian Hotel, Inc., 998 F.3d 1221, 1230 (11th Cir. 2021). When evaluating such a jurisdictional attack, the Court "may proceed as it never could at summary judgment and is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id.

## II.

The Court makes the following findings of fact based on the pleadings and materials submitted by the Parties:

1. American Strategic Insurance Corp. ("ASI") issued a flood insurance policy (the "Policy") to Frank Kratofil covering his home in Estero, Florida (the "Property") from June 19, 2022, to June 19, 2023.

2. The Policy is a National Flood Insurance Program ("NFIP") Standard Flood Insurance Policy ("SFIP").

3. ASI is a Write-Your-Own ("WYO") Program insurance carrier participating in the NFIP pursuant to the National Flood Insurance Act ("NFIA").

4. On September 28, 2022, Hurricane Ian caused flood damage to the Property.

5. Kratofil promptly submitted a notice of loss to ASI, which was assigned one or more claim numbers. The exact date

of the notice of loss is unclear from the record.

6. On January 12, 2023, the original adjuster assigned to the claim, James Stohr ("Stohr"), submitted Kratofil's original Proof of Loss to ASI. But Melissa Andrick, a senior flood claim examiner at ASI, attests that ASI only received an "estimate," which was "reviewed, verified, and approved." (Doc. #23, p. 4.) The Court finds that ASI took no meaningful action regarding the document.[1]

7. On December 29, 2023, ASI's adjuster Michael Harder ("Harder") issued a Contents Inventory which set the estimated value of Kratofil's losses of personal property at $42,488.98. The Complaint refers to this as a "Partial Estimate," and so will the Court.

8. The bottom of each page of the Partial Estimate had the following statement: "This is an estimate of recorded damages and is subject to review and final approval by

---

[1] ASI provides a copy of a check for $792.32. (Doc. #23-2.) But along its lower border, the check states "DO NOT CASH IF THE WORD VOID IS VISIBLE." (Id.) The check appears to be marked with several instances of the word "VOID." (Id.) ASI does not assert or provide evidence that: (1) Kratofil ever received or cashed the check; (2) the January 12, 2023, "estimate" it received was not an unsigned adjuster's report or proof of loss; or (3) if the document it received was indeed an unsigned adjuster's report, that it followed the procedures required for WYO insurers to "issue payments" under then-controlling FEMA Memorandum W-22012. Memorandum W-22012 at 1, FEMA (Oct. 6, 2022), https://tinyurl.com/4xjbzhcn ("To issue payments . . . NFIP insurers must provide policyholders with the following [documents]").

the insurance carrier."

9. The last page of the Partial Estimate stated:

> Flood adjusters have no authority to deny or accept federal flood insurance claims (as per the NFIP flood policy language). This estimate does not constitute a settlement offer of this claim. This estimate is not an authorization for repairs to begin. This estimate is subject to review and final approval from your [] carrier or their legal representative. Any additional repairs or replacements of items not included in this estimate [are] also subject to review and final approval from the [] carrier or their legal representative.

(Doc. #1, p. 23.)

10. The Partial Estimate does not include all the damages that Kratofil asserts are covered by the Policy, including over $100,000.00 in dwelling and contents damage. ASI has not paid the Partial Estimate or taken any other meaningful action upon it.

11. On December 5, 2024, Harder agreed with Niurys Robaina ("Robaina"), Kratofil's attorney, to accept a revised proof of loss and submit it to ASI.

12. On December 9, 2024, Robaina emailed Harder a signed Proof of Loss and a Contents of Personal Property Form.

13. On December 11, 2024, Harder confirmed in an email that he received Kratofil's signed proof of loss and would submit it to ASI.

14. ASI has not paid Kratofil anything on his claim. ASI also has not issued a written denial letter on the flood damage

      claim.

15. ASI asserts that it has not issued a written denial letter since it did not receive a timely, signed and sworn proof of loss from Kratofil, pursuant to art. VII(G)(4) of the Policy, or any other documents to allow for further review of Kratofil's claim.

The Complaint sets forth three counts. Count I alleges breach of contract for failing/refusing to issue payment on the Partial Estimate. Count II alleges breach of contract for failing to pay the full amount of damages, including damage to the dwelling. Court III seeks a declaratory judgment that ASI is obligated under the Policy to provide coverage and indemnification to Plaintiff.

**III.**

ASI asserts that this case is not ripe because ASI has not allowed or disallowed the claim for over two years after receiving notice of the claim. The ripeness doctrine stems from the jurisdictional requirement of a "case" or "controversy" under Article III of the United States Constitution. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). The ripeness inquiry requires a determination of (l) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. Digital Properties, Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997).

It is certainly true, as Kratofil acknowledges (Doc. #19, p.

1), that the general rule requires a written denial or partial denial of a claim before a lawsuit may be filed under a WYO policy. 42 U.S.C. § 4072. Kratofil asserts that judicial review is permitted where the absence of a written denial is attributable to the "acts and/or omissions" of a WYO insurer and its "representative[s] and agent[s]." (Doc. #19, p. 14.)

WYO insurers and adjusters who engage in "extreme and egregious conduct" may be estopped from relying on the typical expectation that SFIP provisions will be strictly enforced. Sanz v. U.S. Sec. Ins. Co., 328 F.3d 1314, 1319-20 (11th Cir. 2003). While ASI attempts to blame Kratofil for the alleged failure of its adjusters to provide it with certain documents, the responsibility for the conduct of those adjusters is with ASI, not its insured. Moreover, under FEMA Memorandum W-22012, ASI was required to exercise its option to accept an unsigned adjuster's report in lieu of a proof of loss.[2] As this Court recently held, a denial letter issued on an unsigned adjuster's report subject to Memorandum W-22012 suffices for a claim to ripen – no subsequent filing of a proof of loss is needed. Hawk v. Hartford Ins. Co., No. 2:24-CV-823-JES-NPM, 2025 WL 326668, at *6-7 (M.D. Fla. Jan. 29, 2025) (Steele, J.).

The evidence presently before the Court shows the following.

---

[2] Memorandum W-22012 supra n.1 at 1.

Kratofil filed a timely notice of claim. An unsigned adjuster's report and/or original proof of loss was prepared and submitted on January 12, 2023, by ASI's assigned adjuster. ASI took no meaningful action for the next year. Even after another unsigned adjuster's report was submitted on December 29, 2023, ASI neither paid nor denied any part of the claim for over another year.

At least in the context of flood insurance, an insurer who fails to allow or disallow any portion of a claim has, by its inaction, created a controversy which is ripe for adjudication. To use a well-known expression, ASI must fish or cut bait. Its indecision on whether to allow or disallow a claim pending for over two years does not deprive the Court of jurisdiction. Rather, ASI's decision to not decide creates a controversy which is ripe for adjudication. See Altman v. Napolitano, No. 10-cv-487, 2013 WL 788452 (S.D. Tex. Mar. 1, 2013) (plaintiff "should be entitled to consider [a prolonged period of] non-payment as a denial of [a] proof of loss,"); Burkhalter v. Hartford Underwriters Ins. Co., 2021 WL 3121209 (M.D. La. July 22, 2021); Carmouche v. National Flood Ins. Program, 2018 WL 5279121 (E.D. La. 2018).[3]

---

[3] "FEMA expects claim professionals . . . [to] adjust each claim fairly and without unnecessary delay." NFIP CLAIMS MANUAL, at 9 (Oct. 2021), https://tinyurl.com/56hkrp5b. "The insurer should promptly process all claims and payment requests. The insurer should communicate to policyholders any unforeseen delays in the claim examination process and advance undisputed claimed amounts at the earliest opportunity." Id. at 72, 139, 201-02. "The claim file should document timely communication with the policyholder."

To allow ASI to resolve the claim, the Court will stay judicial proceedings for a month.  Thereafter, ASI will be required to answer the Complaint unless the matter is resolved.

Accordingly, it is now

**ORDERED**:

1. Defendant American Strategic Insurance Corp.'s Motion to Dismiss (Doc. #17) is **DENIED.**

2. This case is **STAYED** until May  9 , 2025.  If the case is not resolved, American Strategic Insurance Corp. shall file an answer to the Complaint on or before May  26 , 2025.

**DONE AND ORDERED** at Fort Myers, Florida, this  8th  day of April 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record

---

Id. at 330.  "The flood insurance adjuster['s] primary role under the program is to adjust each claim fairly and without unnecessary delay and demonstrate its commitment to improved customer experience." Id. at 348.  "Examiners are the claims administrators of the NFIP insurers [and] have the authority to pay claims and to make and confirm coverage determinations." Id. at 16.  "FEMA expects examiners to take appropriate action when the adjuster's work performance is deficient and: (1) Does not comply with NFIP standards; (2) Is improperly prepared, thereby requiring the claim to be substantially readjusted; *or* (3) When the claim handling is not timely or responsive to expectation[s] with customer service and requires reassignment." Id. at 215.